ANGELO GIRASULO and JOSEPH DE GROTO
vs.
CONSOLIDATED MOTOR LINES, INC.

Superior Court    New Haven County    File #50375
#50380

Present:   Hon. ERNEST A. INGLIS, Judge.

FitzGerald, Foote & FitzGerald, Attorneys for the Plaintiffs.

Watrous, Hewitt, Gumbart & Corbin;
William L. Hadden;
Bernard P. Kopkind,    Attorneys for the Defendants.

## MEMORANDUM FILED JULY 3, 1937.

INGLIS, J. These actions were brought to recover damages for alleged torts. Some of the defendants have filed cross-complaints in which they allege that after the commencement of the trial of the issues on the complaint the parties entered into an agreement of compromise whereby it was agreed that the plaintiffs would settle their claims for certain specified amounts and would give written releases and that the defendants would pay those amounts. It is further alleged that, relying on that agreement the defendants permitted the trial to be discontinued to their detriment, that they submitted releases to be signed by the plaintiffs but that the plaintiffs have neglected to sign them and have neglected to carry out their agreement in connection therewith and that the defendants have always been ready, able and willing to comply with the terms of said agreements. The cross-complaint prays an injunction restraining the plaintiffs from proceeding with the trial of the action and specific performance of the agreement of compromise.

The agreement of compromise set up in the cross-complaint is clearly an accord or compromise of an unliquidated claim which was executory and the demurrer in the first place raises the question as to whether such an agreement is effective to entitle the defendants to the relief which they ask.

There is no case in the Supreme Court of this State, so far as search discloses, which deals directly with the question as to what is the effect of such an accord or compromise which is executory. The authorities on the question in other jurisdictions seem to be. in great confusion. The American Law Institute's Restatement of the Law **(Restatement of the Law of Contracts, Sec. 417, Vol. II, page 785),** however, sets forth

the law very definitely as follows:

"Except as stated in **Secs. 142, 143** with reference to contracts for the benefit of third persons . . . the following rules are applicable to a contract to accept in the future a stated performance in satisfaction of an existing contractural duty, or a duty to make compensation:

(a) Such a contract does not discharge the duty but suspends the right to enforce it as long as there has been neither a breach of the contract nor a justification for the creditor in changing his position because of the prospective non-performance.

(b) If such a contract is performed the previously existing duty is discharged.

(c) If the debtor breaches such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract.

(d) If the creditor breaches such a contract, the debtor's original duty is not discharged. The debtor acquires a right of action for damages for the breach, and if specific enforcement of that contract is practicable, he acquires an alternative right to the specific enforcement thereof. If the contract is enforced specifically, his original duty is discharged."

It is clear from that statement of the law that these defendants in setting up an executory agreement of compromise which they allege has been breached by the plaintiffs, have stated a good cause of action for specific performance of that agreement.

In the second place the demurrer raises the question as to whether the cross-complaint is defective in that it fails to allege that the defendants have tendered payment of the amounts agreed upon by way of settlement. There are at least three reasons why it cannot be held as a matter of law that such an allegation of tender is essential. They are, first, because, under the agreement, the payment of the money was to be contemporaneous with the delivery of the releases by the plaintiffs, **Hammond vs. Gilmore, 14 Conn.** 479; second, because on the facts alleged, it might well be found that the defendants were justified in concluding that such a tender would have been unavailing, **Lunde vs. Minch, 105 Conn.** 657; and

third, because as appears in the quotation from **The Restatement of the Law of Contracts, supra,** even without a tender, so long as the defendants did not actually breach their agreement of compromise that agreement remains effective to suspend the right of the plaintiffs to enforce the tort liability of the defendants and therefore to entitle the defendants to the injunction prayed.

For the foregoing reasons the demurrers to the cross-complaints are overruled.