JOSEPH S. MONTGOMERY *v.* BOB SMITH

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 205971
FAIRFIELD AT BRIDGEPORT

Memorandum filed June 25, 1985

*Levett, Rockwood & Sanders,* for the plaintiff.
*John E. Dowling,* for the defendant.

SPEAR, J. The facts in this case are not in dispute. A trial was scheduled to proceed on Friday, June 15, 1984, in the Superior Court at Bridgeport. The plaintiff's attorney had arranged for witnesses from Nantucket and Pennsylvania to testify. On June 13 or 14, the defendant's counsel called the plaintiff's counsel inquiring as to whether $7000 would settle the case. The plaintiff's attorney advised defense counsel that he believed that sum would settle the case if agreed to before the witnesses left for Connecticut on June 14. The witnesses were scheduled to leave from Nantucket and Pennsylvania at about noon on June 14.

The plaintiff's counsel talked to the defendant's counsel shortly before noon on June 14. Defense counsel said he had authority from his client to settle for $7000 if the defendant could have one month to pay. The plaintiff's counsel called off his witnesses and agreed to accept. He and counsel for the defendant agreed to come to court the following day to put the agreement on the record.

When the attorneys arrived at court on June 15, defense counsel advised the plaintiff's counsel that his client had changed his mind and would not go through with the settlement. The plaintiff filed a motion to enforce the settlement agreement. During argument on the motion, defense counsel stated that he was authorized to agree to the settlement and had in fact agreed. The defense was that the oral agreement was not binding and that the defendant had a right to change his mind prior to the time the stipulation was placed on the record.

The question is whether an oral agreement to settle a pending court case is enforceable when one of the parties repudiates the agreement before it is put on the record in open court. The defendant made no claim that the settlement was in any way conditioned on the stipulation in open court.

Counsel have cited no Connecticut Supreme or Appellate Court cases directly on point. *Girasulo* v. *Consolidated Motor Lines, Inc.*, 5 Conn. Sup. 245 (1937), is a Superior Court case involving the following facts. The plaintiff sued to recover damages for alleged torts. Some defendants cross complained alleging that an agreement of compromise was entered into after commencement of the trial on the issues. The defendants claimed that, relying on the agreement, they allowed the trial to be discontinued, to their detriment. The plaintiff refused to sign a release or carry out the agree-

ment. The defendants, by way of cross complaint, asked for an injunction restraining the plaintiffs from proceeding with the trial of the action and for specific performance of the agreement of compromise. The plaintiff's demurrer to the cross complaint raised the issue of the efficacy of the agreement to settle.

The court, *Inglis, J.,* stated that at that time there was no Connecticut Supreme Court case which dealt directly with the question and that authorities in other jurisdictions seemed to be in great confusion. In overruling the demurrer to the cross complaint, the court relied on 2 Restatement, Contracts § 417, p. 785: "Except as stated in §§ 142, 143 with reference to contracts for the benefit of third persons . . . the following rules are applicable to a contract to accept in the future a stated performance in satisfaction of an existing contractual duty, or a duty to make compensation:

"(a) Such a contract does not discharge the duty, but suspends the right to enforce it as long as there has been neither a breach of the contract nor a justification for the creditor in changing his position because of its prospective non-performance.

"(b) If such a contract is performed, the previously existing duty is discharged.

"(c) If the debtor breaches such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract.

"(d) If the creditor breaks such a contract, the debtor's original duty is not discharged. The debtor acquires a right of action for damages for the breach, and if specific enforcement of that contract is practicable, he acquires an alternative right to the specific enforcement thereof. If the contract is enforced specifically, his original duty is discharged."

The court held that the defendants had stated a good cause of action for specific performance of the executory agreement of compromise which they alleged the plaintiff had breached.

The same Restatement section was used by the court in *Clark* v. *Elza,* 406 A.2d 922 (Maryland App. 1979). The court held that the plaintiff should not have been allowed to proceed with the underlying tort action in violation of the parties' settlement agreement. In short, the defendant's motion to enforce the settlement agreement should have been granted. See *Warner* v. *Rossignol,* 513 F.2d 678 (1st Cir. 1975), to the same effect.

Under subsection (c) of § 417 of the Restatement of Contracts, supra, the plaintiff had the right to enforce either the original duty or the settlement contract. He elected to enforce the settlement by way of motion; accordingly, judgment shall enter for the plaintiff to recover the sum of $7000, without interest or costs.