[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On October 2, 1990 the plaintiff, Paul Sciremammano, filed a two-count complaint against the defendants, H W Hideaway Cafe and its two owners Walter and Helen Sanchi. In his complaint the plaintiff alleges that he was injured while on the defendants' premises as a result of their negligence. CT Page 3248
The defendants filed their answer with special defenses on June 28, 1991.
The defendants filed a motion for summary judgment with the court's permission on February 2, 1993. In its accompanying memorandum of law the defendants contend that it is entitled to summary judgment as a matter of law because the parties had reached a valid settlement agreement. The defendant attached to its brief the affidavit sworn to by Attorney James Sconzo in which he states that he extended an offer to settle the case for $12,000 to the plaintiff's attorney at the time, Attorney Stabnick, on October 15, 1992. Attorney Sconzo states in his affidavit that on October 28, 1992 Attorney Stabnick rejected the $12,000 offer but made a counter-settlement demand of $13,000 which the defendants accepted on the same day. Attorney Sconzo states that he sent a full and final settlement draft to the plaintiff's attorney only to be informed on or about November, 1992 that the plaintiff no longer wished to accept $13,000 as full and final settlement of the agreement.
The plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss on March 23, 1993. The plaintiff also filed an affidavit in which he states that he authorized his counsel to accept an offer of $13,000 "in his pocket," after costs and attorney's fees and not the $13,000 total which was tendered by the defendants.
DISCUSSION
A party is entitled to summary judgment is she proves the non-existence of genuine issues of material fact and that she is entitled to judgment as a matter of law. Practice Book 384.
A settlement agreement is a contract and is governed by the law of contracts. See Air-Care N.O. Nelson Co. v. Patchet, 5 Conn. App. 203, 497 A.2d 771 (1985). Several Connecticut courts have enforced oral settlement agreements. See Montgomery v. Smith, 40 Conn. Sup. 358,499 A.2d 444 (1985); Girasulo v. Consolidated Motor Lines Inc.,5 Conn. Sup. 245, (1937).
In order to form a contract, "generally there must be a bargain in which two or more parties. . . ." Ubysz v. CT Page 3249 DiPietro, 185 Conn. 47, 51, 440 A.2d 830 (1981). The issue at hand is whether the parties entered into an agreement to settle for $13,000.
An attorney is an agent of his client, but as such "he has no implied powers by virtue of his general retainer to compromise and settle his client's claim or cause of action, except in certain conditions of emergency." Cole v. Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941). "Either precedent special authority from his client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client." Id. Therefore, the plaintiff's attorney could not enter into an enforceable settlement agreement unless authorized by the plaintiff.
The plaintiff has stated, in his affidavit, that he authorized his attorney to settle the case for $13,000 "in his pocket," not $13,000 total as expressed by Attorney Sconzo in his affidavit. Therefore, the plaintiff has raised a genuine issue of material fact as to whether there was mutual assent to settle for $13,000. The defendants' motion for summary judgment is hereby denied.
Hurley, J.