[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court on defendant's motion to enforce a settlement agreement.
The pro se plaintiff attorney filed an objection and an affidavit. Her affidavit states, inter alia, that on July 30, 1993, she presented a verbal offer to settle the case for $12,000.00 in attorney's fees, contingent upon payment in cash on or before August 2, 1993. She further states that in her affidavit she agreed to accept a bank check with no conditions, and that a bank check had been proffered but it contained the following notation:
 RE: Final Settlement payment for all and any transactions including `pro bono' professional services to August 2, 1993. Diane Reed Sanford Anjone Family.
Finally, the plaintiff states that the notation was never bargained for and altered the terms of the settlement.
The defendant's counsel in his affidavit confirms the CT Page 8361 above. In addition, he states that the appropriate releases were drafted and faxed to the plaintiff who, in turn, informed him that the releases were adequate.
In his memorandum of law, the defendant's counsel has provided the court with a series of cases which have held that in certain instances agreements of settlement are favored and have been enforced by our courts, to wit: Audubon Parking Associates, Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804 (1993); Montgomery v. Smith,40 Conn. Sup. 358 (1985); Zauner v. Brewer,7 Conn. L. Rptr. No. 9, 251 (September 21, 1992; and Girasulo v. Consolidated Motor Lines, Inc., 5 Conn. Sup. 245
(1937).
The common thread in the above cases is that the agreement had been reached on the eve of trial and only had to be reduced to writing or stipulated to in open court.
The fact that it was an oral agreement in no way effects the court's ability to enforce said agreement. Montgomery v. Smith, supra.
Judge Gill in his opinion in Zauner v. Brewer, supra, traces the Connecticut case history and the policy reasons why enforcement of settlement agreements are favored.
The intention of the parties is controlling and is the key consideration. Pascarella v. Bruch, 190 N.J. Super. 118,462 A.2d 186 (App.Div. 1983). In reversing the lower court, the Appellate Division remanded and ordered that the court enter an order enforcing the judgment.
In this case, the court finds that the parties intended to settle their differences upon execution of releases and payment of $12,000.00. Nothing that followed the agreement created a new condition. The notation on the check, although not previously discussed, did not materially alter the intention of the parties or the tenor of the agreement.
The court has a duty to encourage compromise, and public policy dictates that settlement agreements should be advocated.
Under the circumstances of this case, the court will hold the parties to their agreement and orders as follows: CT Page 8362
1. Mutual releases will be executed and delivered.
2. The defendant shall simultaneously deliver to the plaintiff a cashier's or certified check in the amount of $12,000.00
3. The plaintiff shall file a withdrawal of action.
4. All of the above shall be accomplished within two weeks of this date.
The motion to enforce the settlement agreement is granted.
Mihalakos, J.