[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENTAGREEMENT #105
The unchallenged affidavit of Jill Bower states that the plaintiff agreed to accept $32,000 from the defendants in settlement of the claims in this lawsuit. Attorney Philpot's November 20, 1995 letter admits the plaintiff had a "change of heart" and contrary to what she had earlier told Attorney Philpot "she has now declined to accept this offer." While the right of the plaintiff to say no is inviolate in the first instance, it does not remain so after the plaintiff has said yes.
In light of what is unchallenged fact the plaintiff attempts CT Page 1788 to escape the clutches of Audubon Parking Associates LimitedPartnership v. Barclay and Stubbs, Inc., 225 Conn. 804 (1993), by arguing that the settlement agreement was not clear and unambiguous because it did not include what the release language would be or who would be released. The plaintiff argues these are essential terms without which the agreement fails as a matter of law on the ground of vagueness. This court disagrees. The plaintiff agreed to accept $32,000, to settle all her claims against both defendants. These terms are undisputed. They are enough. Such agreements are commonplace. The release is incidental not essential. The court may enforce an oral settlement agreement. Montgomery v. Smith, 40 Conn. Sup. 358
(1985).
The court has the inherent power to enforce the agreement without the use of a release by entry of a judgment. Audubon, supra, p. 811. Accordingly, this court concludes a clear and unambiguous, and therefore enforceable agreement, existed between the parties. Nor is this a unilateral settlement contract as the plaintiff contends since it is based on a mutuality of promises and resulting obligations. The plaintiff promised to accept a sum certain and the defendant promised to pay a sum certain.
Motion granted. The court shall enter judgment pursuant to the settlement agreement unless a withdrawal is filed within 60 days hereof.
Joseph A. Licari Jr., Judge