[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
On April 4, 1996, plaintiffs' counsel, Charles H. Gleason, entered into an oral settlement agreement with Kathy McCooe, a senior claims supervisor at the defendant's insurer, Metropolitan Property Casualty (Metropolitan), to settle the plaintiffs' claim against the defendant for $18,500. Thereafter, Metropolitan sent a check and a release to plaintiffs' counsel. On or about April 22, 1996, plaintiffs' counsel informed the defendant's counsel, Ronald W. Lindlauf Jr., that the plaintiffs had decided not to go through with the settlement.
On May 28, 1996, the defendant filed this motion for judgment in accordance with and enforcement of contract of settlement. In response, the plaintiffs argue that because the settlement agreement was between plaintiffs' counsel and Metropolitan, as opposed to between plaintiffs' counsel and the defendant himself, the oral settlement agreement is not binding.
The court may enforce an oral settlement agreement made by the parties or through duly authorized representatives.Montgomery v. Smith, 40 Conn. Sup. 358 (1985, Spear, J.);White v. Branchini, Superior Court, judicial district of New Haven at New Haven, Docket No. 377336 (March 1, 1996, Licari, J., 16 Conn. L. Rptr. 264). No factual question has been raised about the authority of plaintiffs' attorney and there does not appear to be any question about the authority of the insurance adjustor to settle on behalf of the defendant. The insurance policy between the defendant and Metropolitan provides that "[Metropolitan] may investigate, negotiate or settle any such suit or claim." CT Page 6418
The plaintiffs do not cite, and research did not reveal, any cases supporting his claim that an agreement between the plaintiffs' counsel and the defendant's insurance company is not binding. This court has recently held that such an agreement is binding if the plaintiffs' attorney had authority. Consoli v. Clarke, Judicial District of Hartford/New Britain at Hartford CV96 0556499 (November 27, 1996, Wagner, J.). This view is supported by several Appellate Court decisions in other states. Selby v.Victoria Mines, Inc., 221 P.2d 423 (Mont. 1950); NationwideMut. Ins. Co. v. Chatos, 293 N.C. 431, 238 S.E.2d 597
(1977); see also 7C J. J. Appleman, Insurance Law and Practice § 4714 (1979).
Motion for Judgment granted.
Jerry Wagner Trial Judge Referee