[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO COMPEL
 I
CT Page 8499
The genesis of these motions was a two car accident in which the plaintiff passenger was injured; she thereupon brought this action for damages against the defendant operators. After a second pretrial, attended by both counsel for the defendants and counsel for the plaintiff, an offer of $20,000[1] by the defendants was made and accepted by plaintiff' counsel. Approximately two months later, the plaintiff refused to go forward with the settlement, and each defendant has filed a motion to compel enforcement of the settlement agreement. The parties filed affidavits and memoranda of law in support of their respective positions, and the court took testimony from the plaintiff and plaintiff's attorney, Gary Gold.
 II
From the evidence, I conclude that there was a settlement among the parties in which the defendants agreed to pay the plaintiff the sum of $20,000 in full settlement of her claims against them, which would include a withdrawal of this action. I also find that Gold had full authority to settle the matter for that sum.[2] The plaintiff testified that when she said `OK' to the offer of $20,000 which was presented to her by Gold over the telephone, what she meant was she would come in to his office to discuss it, and she did not mean she was accepting the offer. I do not find this testimony credible that there was a misunderstanding on this point between her and Gold, an attorney of substantial and comprehensive experience in the litigation of personal injury actions.
Rather, I conclude that the plaintiff simply changed her mind and reneged on the offer of settlement agreement.
Therefore, it is unnecessary to consider whether a unilateral mistake of communication on the part of the plaintiff and her attorney, under the circumstances of this case, was sufficient to undo the settlement.
"A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. . . . Agreements that end lawsuits are contracts, sometimes enforceable is a subsequent suit, but in many situations enforceable by entry of judgment in the original suit." (Citations omitted; internal quotation marks omitted.) Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 811, 626 A.2d 729 (1993). CT Page 8500
Such agreements are therefore enforceable when the parties do not dispute the terms of the agreement, as here. See Audubon, supra, at 812. The present case is therefore similar to Audubon, supra, and its progeny, where, as here, the terms of the agreement are clear, unambiguous and are not disputed by the parties, and one of the parties has second thoughts, and wishes to renege. See also Sicaras v. City of Hartford,44 Conn. App. 771, 692 A.2d 1290 (1997).
 III
The plaintiff argues however, in opposition to enforcement of the agreement, that summary enforcement should only occur when settlements are announced in the midst of a trial and in open court, such as in Audubon and Sicaras, supra; and not in the present case where the agreement was reached after two pretrials in telephone conversations between counsel. This is a distinction without a difference. As stated, there is no dispute among the three attorneys involved that a settlement agreement of $20,000 was in fact reached. There were no complicated issues or conditions attached to the settlement agreement. There was court involvement and the use of court resources in the form of two pretrial conferences. Although it may have been better practice to have the plaintiff present in the court house to expedite the settlement agreement and have the necessary releases and withdrawals executed and delivered, such procedure was not necessary, when counsel deal with each other with appropriate authority from their respective principals. Also, it is well established that parties are bound to the terms of a contract even though it is not signed if their assent is otherwise indicated. Schwartzchild v. Martin, 191 Conn. 316, 464 A.2d 774
(1983). Moreover, to say that such settlement agreements are only enforceable when reached in the midst of a trial or trial-like proceeding, undercuts the strong public policy of fostering early settlements and the consequent reduction in the drain of available judicial resources.[3]
"Summary enforcement is not only essential to the effective use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial." (Emphasis in original) AudubonParking Associates Ltd. Partnership v. Barclay Stubbs, Inc., supra, 225 Conn. 812. CT Page 8501
The claim of the plaintiff that the settlement agreement is not enforceable because it was not entered into in open court does not comport with the realities of how often settlements are typically reached informally between counsel while litigation is proceeding apace, and is not persuasive.
The plaintiff asserts that his research reveals no reported case in which summary enforcement of an oral out-of-court agreement was granted. To the contrary, a number of trial courts have upheld such oral settlement agreements, in scenarios similar to the present case. See for example, Thompson v. Aqua MassageInternational, Inc., Superior Court, judicial district of New London at New London, Docket No. 536308 (June 26, 1997) (Hurley, J.) (Holding that "[o]nce reached, a settlement agreement cannot be repudiated by either party."); White v. Branchini, Superior Court, judicial district of New Haven, Docket No. CV 95 0377336S (March 1, 1996) (Licari, J.) (Holding that plaintiff's oral acceptance of $32,000 settlement was binding and may be enforced by the court, citing Montgomery v. Smith, 40 Conn. Sup. 358
(1985)); Burton v. Angione, Superior Court, judicial district of Danbury, Docket No. 310185 (October 13, 1983) (Mihalakos, J.) (Holding that"[t]he fact that it was an oral agreement in no way affects the court's ability to enforce said agreement); Also, see Lachappelle v. Southford Park, Superior Court, judicial district of Waterbury, Docket No. 093577 (April 12, 1994) (Sylvester, J.) (Holding that attorney's letters showed that a settlement agreement was reached, but that subsequent conduct of parties by filing numerous pleadings thereafter effected a mutual rescission of the settlement agreement), and, Montgomery v.Smith, 40 Conn. Sup. 358 (1985) (Holding that parties' oral agreement to settle pending civil action was enforceable notwithstanding the fact that the defendant repudiated the agreement before it was placed on the record in open court).
The foregoing cases are persuasive authority to support the conclusion that the oral agreement reached between counsel having authority to do so, pursued by letters and the transmittal of drafts and release forms was clear and unambiguous and valid and ought to be enforced.
 III
The plaintiff's final claim is that the court, by enforcing the settlement agreement, would deprive her of the right to a CT Page 8502 jury trial. The plaintiff suggests that the defendants, would plead the settlement agreement as a special defense of accord and satisfaction. The plaintiff argues that a question of fact exists as to whether there was a mistake on the part of the plaintiff, and as such would be triable to the jury.
While this assertion has a superficial appeal, it is not persuasive in light of the procedures followed here. The plaintiff first raises this claim in her post-hearing brief, and did not do so prior to or at the hearing. As previously stated, the court was presented with memoranda and supporting affidavits, and heard testimony. Therefore, the question of the initial existence of the agreement, and whether the plaintiff reneged on the agreement or mistakenly entered into it was submitted by the parties to the court. Hence, the plaintiff must be deemed to have waived her right to a jury trial on this issue, by not seasonably raising it. To hold otherwise, would make the hearing already held nugatory, and give the plaintiff a second bite at the apple. This the court will not do.
Therefore, for the reasons stated, the defendants' motions to compel enforcement of the settlement agreement are granted. The court shall enter judgment, without costs, pursuant to the settlement agreement, unless withdrawals are filed within 30 days hereof.
Teller, J.