[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR RESTORATION TO TRIAL LIST
It is undisputed that the above-referenced matter had been claimed for a trial by jury and that it was set down for trial during the week of November 16, 1998. During a final pre-trial conference held on November 17, 1998, the parties entered into an agreement to submit the case to binding arbitration with "high-low" parameters. As a result of this agreement, the jury trial did not go forward, and the parties scheduled the case for arbitration on Friday, November 20, 1998, as a part of this courts regular arbitration calendar pursuant to General Statutes § 52-549u et seq.
Following this agreement, which the parties agree was unambiguous, and prior to the scheduled arbitration, the plaintiff's attorney received a report from the plaintiff's physician indicating a higher permanency rating than the physician had previously assigned. As a result of this new information, the plaintiff now seeks to undo her agreement to arbitrate the case and moves to restore the case to the trial docket. The defendant objects, arguing that he had entered into an unambiguous settlement agreement to have the case resolved through arbitration, and he now seeks to have that agreement enforced.
It is now well established that an agreement to settle a CT Page 3456 lawsuit is binding upon the parties. Audubon Parking AssociatesLtd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804 (1993). Once reached, a settlement agreement cannot be repudiated by either party. Whether the parties in fact concluded a settlement agreement is determined by "the intention of the parties manifested by their words and acts." Hess v. Dumouchel Paper Co.154 Conn. 343, 347 (1966). The intention of the parties is a question of fact and when that is ascertained it is conclusive.Ballard v. Asset Recovery Management Co., 39 Conn. App. 805, 809
(1995). A settlement agreement, freely bargained, is recognized as binding upon the parties. See also, Montgomery v. Smith, 40 Conn. sup. 358 (1985); Zauner v. Brewer, 7 Conn. L. Rptr. No. 9, 251 September 21, 1992; and Girasula v. Consolidated Motor Lines,Inc., 5 Conn. Sup. 245 (1937).
"Agreements that end lawsuits are contracts, sometime enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings . . . Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of a settlement agreement. This authority should normally be exercised whenever settlements are announced in the midst of a trial." Janus Films, Inc. v. Miller,801 F.2d 578, 583 (2d Cir. 1986). The fact that this agreement was reached not during trial but just prior to jury selection, is a difference without a distinction. The only reason that this case was not actually placed on trial was that the parties had announced their agreement to settle.
The plaintiff concedes that if the parties had agreed to settle the case for a sum certain, and that following that agreement, either side had decided not to go through with its end of the bargain, the other party would have had the option either to proceed to trial on the original complaint or to enforce the settlement agreement. The plaintiff offers no reason why the same result should not occur where the agreement to settle the case is grounded in a submission to binding arbitration, rather than the payment of a sum certain. In either instance, the agreement is one which avoids the risk of trial for both sides and which is CT Page 3457 designed to be binding upon the parties, bringing an end to the litigation. The defendant in this case is thus entitled to rely on the agreement which he made with the plaintiff and to insist that the matter be resolved through binding arbitration in accordance with the agreed upon terms.
The court notes that the plaintiff's motion is styled as a "motion for restoration to trial list." As a technical matter, the concept of a jury "trial list" has been abolished, although this case technically remains as a part of the inventory of cases ready for assignment to trial. Indeed, in order to be eligible for the mandatory arbitration program pursuant to General Statutes § 52-549u, the case must be one in which the pleadings are closed and a jury trial claimed, thereby placing a case in the inventory of cases ready for assignment to trial. Thus, the relief formally sought by the plaintiff may not be granted as a matter of law because there is no jury "trial list."
Construing the plaintiff's motion instead as one to assign the case for jury trial, it is denied because the parties have entered into a binding settlement agreement to resolve their case through arbitration. Construing the defendant's objection as a motion to enforce the parties' settlement agreement by compelling arbitration, the court orders the parties to reach a prompt agreement to arbitrate the case within the next 45 days and to notify the caseflow coordinator accordingly. In accordance with local practice, the parties are free to agree upon any arbitrator from the approved list maintained by this court to conduct the arbitration. If, within 15 days of the date of this order, the parties have not agreed upon a date and arbitrator, the caseflow coordinator is directed to assign the case to the next available arbitration calendar.
Jonathan E. Silbert, Judge