[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Anthony Muro, Jr., moves to enforce summarily a putative settlement agreement he purportedly entered into with the plaintiffs, Robert and Virginia Pitruzello, in the case of Pitruzello v. Muro, Superior Court, Complex Litigation Docket, Tolland J.D., X07-CV00-0072168. On February 4, 2003, the court held an evidentiary hearing pursuant to the holding of Audubon Parking Associates LTDPartnership v. Barclay Stubbs, Inc., 225 Conn. 804 (1993), and finds the following facts.
On January 9, 2000, the plaintiffs commenced this action alleging professional negligence on the part of the defendant. On December 18, 2000, the plaintiffs amended their complaint to add a count alleging violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 38a-813 and 41-110b, respectively. The essence of these allegations is that the defendant advised and convinced the plaintiffs to surrender relatively safe investments in insurance annuities and to reinvest the proceeds in promissory notes which obligations turned out to be part of pyramid schemes resulting in the loss of those proceeds.
Two other sets of plaintiffs also sued the defendant based on similar claims, and a joint jury trial of the three cases was scheduled to begin evidence on Monday, January 27, 2003. Jury selection, the marking of exhibits, and the resolution of pretrial evidentiary motions had concluded on the preceding Friday, January 24, 2003.
In addition, the defendant's insurer had also filed a declaratory judgment action requesting that the court determine whether the insurer has any obligation to provide coverage in the event the defendant was found liable in any of the three previously described cases.
Attorney John Bonee, III, represented the Pitruzellos from commencement CT Page 2685 of suit until the Audubon hearing on February 4, 2003. Sometime in December 2002, the defendant's counsel, Attorney Mark Cramer, phoned Bonee and discussed possible resolution of the litigation short of trial. After conferring with his clients, Bonee informed Cramer that the defendant's offer of settlement was rejected by the plaintiffs.
On Saturday, January 25, 2003, Cramer and counsel for the plaintiffs in the other two cases reached an agreement which settled their cases against the defendant, which settlement included a withdrawal of the matters. During the morning of Sunday, January 26, 2003, Bonee, who was at his office preparing for the imminent trial, received a phone call from the other plaintiffs' lawyer who informed Bonee that the companion cases were resolved and would be withdrawn. Bonee recognized that this development meant that his clients would now have to bear the entire brunt of the cost of trial, including expert witness fees, as well as other negative consequences which would flow from having the sole case against the defendant.
Bonee immediately phoned his clients at around 10:00 a.m. on that date. Virginia Pitruzello received the call and spoke briefly to Bonee. He explained the change in circumstances and suggested that the Pitruzellos revive settlement negotiations. Robert Pitruzello was at work at the time, and his wife wanted her husband to participate in any settlement discussion with Bonee. She asked Bonee to call back at around noon. In the interim, she phoned her husband, and he returned home at about 11:30 am.
Meanwhile, Bonee called Cramer, who was also at his office preparing the defense for the remaining case which was to begin evidence the next day, to inquire if a settlement might still be attained. After some discussion Cramer indicated that he would recommend to the defendant that he accept a proposed resolution, but he would need to consult with counsel and a representative of the insurer to ascertain whether the proposal was acceptable to the insurer because the terms of the proposed settlement involved certain concessions and actions on the part of the defendant's insurer as well as the defendant. The proposed disposition included a provision for potential interest which was lacking in the offer of settlement which the plaintiffs had rejected in December 2002.
After the negotiations, Bonee called the plaintiffs again around noon and spoke to Robert Pitruzello. Bonee fully explained the latest proposal which, as noted above, added a method for calculating certain interest. The plaintiffs, through Robert Pitruzello, told Bonee that, if he could not obtain further concessions, the proposed settlement was acceptable to them. Bonee predicted that it was very unlikely that any more concessions CT Page 2686 would be forthcoming, but he would contact Cramer to explore that possibility. Significantly, Bonee also requested that the plaintiffs authorize him to settle the case on the presently proposed terms if the defendant was unwilling to grant more favorable ones. The plaintiffs, through Robert Pitruzello, expressly granted to Bonee the authority to settle the matter in this fashion.
The court finds that, at the time of this authorization, both plaintiffs were aware of each and every provision of the proposed settlement. The court further finds that there is no dispute as to the content of the proposed agreement and that the terms are clear and unambiguous.
At the Audubon hearing, the only controversy concerned whether the plaintiffs authorized Bonee to accept the proposal on their behalf without further consultation with them. Although the testimony on this point was in conflict, the court finds that Bonee was expressly authorized to settle the case on the proposed terms without subsequent discussions or confirmation by the plaintiffs.
It must be observed that the settlement offer contained a confidentiality provision. Because of that provision, which would be lost if the terms of the settlement were disclosed publicly, under the authority of Practice Book § 11-20(f), the court has previously sealed the records with respect to the actual putative agreement, which is sealed exhibit C to the Defendant's January 30, 2003 Motion to Enforce the Settlement Agreement.
Later in the afternoon of January 26, 2003, Bonee contacted Cramer. After Cramer rejected any further concessions, Bonee, acting as the agent of the plaintiffs, accepted the proposed settlement. Both attorneys agreed that, based on the accord reached, they would cease trial preparation and report to the court the next day that the case had settled. Because Bonee had explained what was to occur in his earlier conversation with Robert Pitruzello, he saw no need to call the plaintiffs a third time to reiterate that the case was resolved. It should be noted that January 26, 2003, was "Super Bowl Sunday." Bonee and the Pitruzellos were both entertaining guests at their respective homes for that occasion. Each knew of the others' plans.
Sometime later that day, the Pitruzellos retrieved copies of the pleadings in the declaratory judgment action which had been furnished to them previously. After perusing these documents, the plaintiffs had second thoughts about settling the case. At 7 a.m. on Monday, January 27, 2003, Virginia Pitruzello left a message on Bonee's office voicemail CT Page 2687 to that effect.
That morning, however, Bonee went to court without checking his office voicemail. He arrived at the courthouse around 9:30 a.m. and found that his clients had arrived earlier. The plaintiffs explained their change of heart regarding settlement and their wish to proceed with the trial.
Court convened shortly thereafter, and Attorney Cramer reported to the court that all three cases had settled. Counsel for the other plaintiffs filed withdrawals as to their two cases. Bonee communicated to the court that although a settlement has been achieved, his clients had changed their minds and wished to continue with the jury trial. Cramer objected, and the court scheduled the Audubon hearing.
The parties agree that a trial court has the inherent power to enforce summarily a clear and unambiguous settlement. Audubon Parking Assoc. LtdPartnership v. Barclay Stubbs, Inc., supra. There is no requirement that the settlement be in writing or signed by the parties. Sicaras v.Hartford, 44 Conn. App. 771, 777 (1997). Nor must the agreement be reported to the court or otherwise placed on record. DAP Fin. Mgmt. Co.v. MOR-FAM Electric, Inc., 59 Conn. App. 92 (2000), Montgomery v. Smith,40 Conn. Sup. 358, 359 (1985).
What is necessary is that there be an agreement. DAP Fin. Mgmt Co. v.MOR-FAM Electric, Inc., supra, 97. Simply because an attorney represents a party in a matter does not mean that the attorney has the authority to settle the matter without the consent of that party. Cole v. Myers,128 Conn. 223, 228 (1941). However, where the client conveys authority to settle upon definite terms to the client's lawyer, the settlement reached upon these terms binds the client. Maharishi School of Vedic Sciences v.Conn. Constitution A.L.P., 260 Conn. 598, 605 (2002).
In this case, the court has found that on January 26, 2003 Robert Pitruzello, with the knowledge of his wife, expressly authorized Bonee to accept the defendant's proposed offer of settlement on their behalf rather than proceed to trial without the other plaintiffs who had already settled their cases. The fact that the plaintiffs had second thoughts, after this authorization was conveyed and after Bonee and Cramer reached the accord permitted under the authorization, is immaterial. The critical time for analyzing whether an authorized settlement has been achieved is at the moment of settlement, not at the time the trial was to have begun. DAP Fin. Mgmt. Co. v. MOR-FAM Electric Inc., supra.
Bonee had actual authority to settle the case on the unambiguous terms of the agreement which he fully explained to his clients before that CT Page 2688 authority was expressly conferred. Thus, the plaintiffs are bound by the settlement which he negotiated with defense counsel on January 26, 2003.Maharishi School of Vedic Sciences v. Conn. Constitution A.L.P., supra, 606. Reconsideration and regret are insufficient to loosen the plaintiffs from the binding effect of the settlement to which Bonee agreed.Montgomery v. Smith, supra; Finley Assoc. v. Crossroads Inc., Superior Court, Complex Litigation Docket, New Britain Judicial District, d.n. X03-CV99-499388 (December 17, 2001) (Aurigemma, J.).
Consequently, the court will summarily enforce the agreement by dismissing the action if not withdrawn by March 21, 2003.
Sferrazza, J. CT Page 2689